IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANTONIO PERRIN,           )<br>                           )<br>          Petitioner,  )<br>                           )<br>  v.                       )<br>                           )<br>UNITED STATES OF AMERICA, )<br>                           )<br>          Respondent.     ) | 1:21CV26<br>1:11CR318-1 |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brings a motion (Docket Entry 54) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In September of 2012, Petitioner pled guilty to possession of a firearm by a convicted felon and tampering with a witness. (Docket Entry 14; Sept. 6, 2012 Minute Entry; Docket Entry 26.) He was later sentenced to 175 months of imprisonment. (Docket Entry 26.) Petitioner's appeal was unsuccessful at the Fourth Circuit, *United States v. Perrin*, 551 Fed. App'x 694 (4th Cir. 2014), and his petition for further review was denied by the Supreme Court on April 7, 2014, *Perrin v. United States*, 572 U.S. 1053 (2014). On December 30, 2020, Petitioner executed his § 2255 motion and a supporting memorandum, which were filed in this Court on January 11, 2021. (Docket Entries 54 and 55.) The Government filed a response (Docket Entry 66) and Petitioner, in turn, filed a reply (Docket Entry 69).[1] This matter is now prepared for a ruling. *See* Rule 8, Rules Governing § 2255 Proceedings.

---

[1] In Petitioner's reply, he asks that this matter be held in abeyance of the Supreme Court's review of *Gary v. United States*, 954 F.3d 194 (4th Cir. 2020). (Docket Entry 69 at 1.) This request is denied as moot, however, because *Gary* was recently reversed by the United States Supreme Court. *See Greer, et al. v. United States*, 141 S. Ct. 2090 (2021).

## GROUND FOR RELIEF

Petitioner raises a single ground for relief. More specifically, he contends that "due to a change in a United States Supreme Court Ruling Felon in Possession Conviction under Section 922(g)(1) *Rehaif v. United States*, 139 S. Ct. 2191 (2019); the government now [has] to prove all elements of 922(g)(1)." (Docket Entry 54, Ground One.) In a supporting memorandum, Petitioner also appears to fault the Government for failing to prove that "he knew he belonged to the relevant category of persons barred from possessing a firearm." (Docket Entry 55 at 1.) In other words, Petitioner appears to fault the Government for failing to prove that he knew he was a convicted felon as part of his felon in possession of a firearm conviction. *See Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019) (holding, in pertinent part, that "[t]o convict a defendant [of being a felon in possession of a firearm], the Government . . . must show that the defendant . . . knew he had the relevant status [as a felon] when he possessed [the firearm]"). Nevertheless, as explained below, this argument is time-barred, procedurally barred, and without merit.

## DISCUSSION

A. **Petitioner's ground is time-barred.**

Respondent requests dismissal on the ground that Petitioner's motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). (Docket Entry 66 at 7.) 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and

2

2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the Supreme Court or (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522 (2003). Here, Petitioner's conviction became final when the Supreme Court denied his request for further review on April 7, 2014. *Perrin v. United States*, 572 U.S. 1053 (2014). *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires") (internal citations omitted); *see also* Sup. Ct. R. 13.1 ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed . . . within 90 days after entry of the judgment."). Petitioner did not file the instant motion until, at the earliest, December 30, 2020 (Docket Entry 54 at 12) and it is therefore many years late. Petitioner's motion is years out of time under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing the § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing his motion. Therefore, subsection two does not give Petitioner a longer limitation period.

3

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. The Supreme Court decided *Rehaif*, on June 21, 2019. *Rehaif*, 139 S. Ct. at 2191. Petitioner filed his motion, at the earliest, in late December 2020. (Docket Entry 54 at 13.) Consequently, Petitioner's motion was filed more than one-year after *Rehaif* was decided. Petitioner's motion is not timely under § 2255(f)(3).

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Cases decided subsequent to Petitioner's direct appeal do not constitute new facts affecting the statute of limitations under subsection (f)(4). *United States v. Whiteside*, 775 F.3d 180, 184 (4th Cir. 2014). Therefore, this subsection also does not apply and Petitioner's motion is untimely.

The Supreme Court has also determined that the one-year limitation period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, Petitioner makes no argument that equitable tolling applies in his case. His grounds are untimely and should be dismissed.

**B. Petitioner's ground for relief has been procedurally defaulted.**

The Fourth Circuit recently summarized the principles of procedural default:

> Generally speaking, habeas proceedings are not the time to raise arguments a prisoner could have made, but did not, in the

> proceedings culminating in his conviction. Principles of procedural default sharply limit a prisoner's ability to raise on collateral review claims not raised in his initial criminal proceeding or on direct appeal.

*Marlowe v. Warden, FCI Hazelton*, 6 Fed. 4th 562, 571 (4th Cir. 2021). Such is the case here.

More specifically, because Petitioner did not assert a knowledge-of-status claim in his initial criminal proceedings or on direct appeal, that claim is procedurally defaulted. A procedurally defaulted claim "may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). Petitioner meets none of these criteria.

### 1. Petitioner has failed to demonstrate cause.

"The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999) *citing Murray v. Carrier*, 477 U.S. 478, 488 (1986). A change in the law may constitute cause for a procedural default if it creates "a claim that 'is so novel that its legal basis is not reasonably available to counsel.'" *Bousley*, 523 U.S. at 622 (*quoting Reed v. Ross*, 468 U.S. 1, 16, (1984)). Several courts have found that a *Rehaif*-type challenge to § 922(g) convictions was available long before *Rehaif* was decided; thus, this claim is likely not so novel as to establish cause for Petitioner's procedural default. *See United States v. Claytor*, Nos. 7:15CR00070, 7:20CV81427, 2021 WL 62272, at *3 (W.D. Va. Jan. 7, 2021) (collecting cases for the proposition that "[s]everal district courts in this Circuit . . . have rejected the novelty argument" of a *Rehaif* claim) (citations omitted).

Moreover, any alleged ineffective assistance of counsel also fails to serve as the cause for the default of Petitioner's *Rehaif* claim, because, at the time of Petitioner's 2012 plea

5

hearing, controlling Fourth Circuit precedent held that a defendant's knowledge of his relevant status was not an element of an offense under § 922(g)(1) and § 924(a)(2). *See United States v. Langley*, 62 F.3d 602, 604-08 (4th Cir. 1995). Petitioner's counsel would have had to anticipate a change in the controlling law to have raised a *Rehaif*-type claim on direct review. However, counsel's failure to anticipate a change in the controlling law does not constitute deficient performance under *Strickland*. *See United States v. Morris*, 917 F.3d 818, 823 (4th Cir. 2019) (citations omitted); *see Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995). Thus, Petitioner fails to demonstrate that counsel was deficient for failing to raise this claim on direct review, and the ineffective assistance of counsel cannot serve as the cause for the default of his *Rehaif* claim. *See United States v. Finley*, 805 Fed. App'x 823, 827 (11th Cir. 2020) (rejecting an ineffective assistance of counsel claim when current law foreclosed *Rehaif*-based objection).

2. **Petitioner has failed to demonstrate prejudice.**

Proof of prejudice must demonstrate "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 494 (1986); *see also United States v. Crawley*, No. 4:15CR1, 2021 WL 2910724, at *2 (W.D. Va. July 12, 2021) ("Since Crawley has provided no evidence which could have raised reasonable doubt at trial as to whether he knew he was a felon, he suffered no prejudice from pleading guilty without knowing that the government would have to prove this element.").[2] As explained below, Petitioner has failed to establish prejudice.

---

[2] The Supreme Court held in *Greer* that to demonstrate prejudice from entering a guilty plea without being informed of § 922(g)'s knowledge-of-status element, one must show that "he would have presented evidence at trial that he did not in fact know he was a felon," and show that but-for

More specifically, Petitioner has made no persuasive effort to show that he suffered prejudice from the *Rehaif* error. He has not alleged that, at the time he possessed the firearm, he did not know that he had been convicted of an offense punishable by imprisonment for a term exceeding one year. *See Greer*, 141 S.Ct. at 2098 (denying *Rehaif* claim where "neither [defendant] has argued or made a representation that they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms"). Nor could Petitioner reasonably expect to do so given his extensive criminal record and lengthy prison sentences.[3]

Nor does Petitioner allege that, but for any *Rehaif* error, he would have proceeded to trial on the knowledge-of-status element. Had he done so, the Government would have put

---

the error "there is a reasonable probability that he would have gone to trial rather than plead guilty." *Greer*, 141 S. Ct. at 2098, 2100. Although *Greer* articulated the threshold to show prejudice for this *Rehaif* error in a direct appeal under the plain-error standard, the framework is nonetheless instructive in the habeas context where Petitioner alleges the same error. In fact, the actual prejudice standard for collateral attacks is a "significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Indeed, a habeas petitioner must show not just that the purported error "created a *possibility* of prejudice," or "prejudice *per se*," but rather he must show that the errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 170.

[3] Here, the record demonstrates that Petitioner was undoubtedly aware of his prohibited status. According to the pre-sentence report, he had served just short of five continuous years in custody as a result of a group of 1989 convictions for assaulting a law enforcement officer, for which he received two separate ten-year sentences, among others. (Docket Entry 42, ¶ 38.) Petitioner also served approximately six and a half continuous years in custody as a result of his 2006 felony manslaughter conviction. (*Id.* at ¶ 54). Even defense counsel observed at sentencing, "Mr. Perrin has been in prison most of his life." (Docket Entry 36 at 16.) Significantly, the Court referred to the nature and extent of Petitioner's prior convictions, and the sentences imposed, in formulating its § 3553(a) analysis, which resulted in a sentence at the high end of the guidelines range. (*Id.* at p. 33–34.) In particular, the Court was troubled by Petitioner's attempt to obstruct justice to avoid responsibility for the possession charge. (*Id.* at 34 ("Then, of course, here you are trying to get a witness to alter their testimony because you realized that you were looking at a significant sentence.").) If Petitioner had no knowledge of his prohibited status, he would have no reason to attempt to tamper with witness testimony as to his possession.

up specific evidence about his prior felony convictions, the sentences he received, and the prison time he served. This evidence, which would have been used to show that he knew he was a felon when he possessed the firearms, would have shown that his firearm possession came after he served more than one year in prison on multiple occasions.[4] Thus, because the *Rehaif* error did not "work[ ] to his *actual* and substantial disadvantage," he has not demonstrated prejudice. *Murray*, 477 U.S. at 494.

### 3. Petitioner has failed to demonstrate actual innocence.

Likewise, Petitioner cannot establish that he is actually innocent of violating § 922(g)(1). As the Supreme Court has made clear, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.*

This standard is particularly difficult to meet in the context of a *Rehaif* error. "The Government's obligation to prove a defendant's knowledge of his felony status is not burdensome, as 'knowledge can be inferred from circumstantial evidence.'" *United States v. Sumter*, No. 3:02-cr-00499, 2021 WL 3173176, at *11 (D.S.C. July 27, 2021) (quoting *Rehaif*, 139 S. Ct. at 2198). The Supreme Court recognized the difficulty faced by such defendants:

> If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets. The simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon.

---

[4] *See United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) (concluding that where a defendant actually served sentences longer than one year, it is "virtually impossible to believe he did not know he had been convicted of crimes punishable by such sentences").

8

*Greer*, 141 S. Ct. at 2097 (citation omitted).

Petitioner does not meet this standard for the reasons discussed in the prejudice section of this Recommendation.[5] For all these reasons, because Petitioner's *Rehaif* claim is procedurally barred and he cannot establish either cause and prejudice or actual innocence to excuse the default, his motion should be dismissed. *See Bousley*, 523 U.S. at 622.

### C. Petitioner's *Rehaif* claim fails on the merits.

Last, even assuming Petitioner's *Rehaif* claim was timely filed (which is not the case) and was procedurally proper (which is not the case) it would most certainly fail on the merits. The Supreme Court has held, a "less onerous harmless-error standard" applies on collateral review. *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (holding an error is harmless unless it has a "substantial and injurious effect or influence in determining the jury's verdict"); *see also United States v. Smith*, 723 F.3d 510, 517 (4th Cir. 2013) (holding *Brecht*'s harmless-error review standard, applicable to § 2254 cases, is also applicable to § 2255 cases).

As demonstrated above, Petitioner was sentenced and served more than one year in prison several times before he possessed a firearm in 2011. Petitioner cannot credibly argue that he was unaware that he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year when he possessed the firearm in question here. Given that convicted felons like Petitioner typically know they are convicted felons, and know

---

[5] Petitioner also admitted to law enforcement that he possessed the firearm in question. (Docket Entry 42 § 9 ("The defendant told officers he wished to speak with them about the firearms. He denied that he participated in the break-in, but admitted purchasing a firearm from Thomas Hinson for $20. He further admitted that he sold the firearm to 'JM' in Candor, NC, for $40.") The firearm in question was manufactured in New York and possessed by Petitioner in North Carolina, so it necessarily travelled in interstate commerce. (Docket Entry 17 at 3-4.)

9

further that the Government would have little trouble proving this, it is hard to imagine how Petitioner's conviction or guilty plea was prejudiced by any error under *Rehaif*. *See Greer*, 141 S. Ct. at 2097; *Caldwell*, 7 F.4th at 213; *see also United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) ("Demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew."). For all of these reasons, Petitioner's motion warrants no relief.

## CONCLUSION

Petition's motion is time-barred, barred by procedural default, and without merit.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion (Docket Entry 54) to vacate, set aside, or correct sentence be **DISMISSED**, and that judgment be entered dismissing the action.

_____
Joe L. Webster
United States Magistrate Judge

October 29, 2021
Durham, North Carolina